IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| STEVE LOUIS OUDEMS, PRO SE, § <br> TDCJ-CID #1070555, § <br> Previous TDCJ-CID #650333 § <br>     Plaintiff, § <br> § <br> v. § <br> § <br> PATSY BELL, DIANA BOZEMAN, and § <br> FRANK HOKE, § <br> § <br>     Defendants. § | 2:09-CV-0298 |

**REPORT AND RECOMMENDATION**

    Plaintiff STEVE LOUIS OUDEMS, acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-referenced defendants and was granted permission to proceed *in forma pauperis*.

    By his complaint, plaintiff alleges[1] the defendants "are denying [his] transfer to a unit with Federal Books, in order for [him] to file [a] motion which complies with Epps . . . ." Nevertheless, plaintiff also alleges, on page 2 of his attached Memorandum, that he "has filed a motion which complies with Epps at the present time and also wrote the Fifth Circuit Court of Appeals for an Extension of time so plaintiff could be shipped before the courts answered the Epps motion . . . ."

    Plaintiff states "[t]he Plaintiffs [sic] current situation has greatly prejudiced his litigation due to inadequate U.S. reporter, Federal Reporter and Supplemental Reporter that are

---

[1] The remainder of plaintiff's factual allegations are not contained in his complaint, but in the Memorandum attached thereto.

nonexistant [sic] or incomplete" and that defendant BELL "has lacked to accommadate [sic] the plaintiff in his Due Diligence to be transferred to a T.D.C.J. unit that has proper law material[2]."

Plaintiff's only factually specific allegation is that, on or about December 8, 2009, he tried to get three cases Shepardized, but "it was to no avail" because the prison law library does not have any "Federal books." Plaintiff lists the three cases as follows: (1) 1 Fed.Supp. 3d 290, 106 F.3d 339; (2) 1 Fed.Supp. 3d 290, 95 F.3d 119 3rd; and (3) 1 Fed.Supp.3d 290 411 U.S. 25B[3].

Plaintiff claims the failure to Shepardize these cases was a violation of his Due Process and Access to Courts rights because it prevents him from getting his habeas action reopened by the Fifth Circuit Court of Appeals[4].

Plaintiff requests damages in the amount of $500,000.00 from each defendant and that the Court order his transfer "so he can effectively litigate his claim."[5]

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[6], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is

---

[2]Plaintiff's Memorandum at page 1.

[3]Plaintiff's Memorandum at page 3.

[4]Plaintiff's Memorandum at page 1.

[5]Plaintiff's Memorandum at pages 1 and 3.

[6]A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[7].

The Magistrate Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

In *Bounds v. Smith*, the Supreme Court found convicted inmates enjoy a right of adequate, effective and meaningful access to the courts[8], *Bounds v. Smith*, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977), *overruled on other grounds*, so they will have "a reasonable opportunity to file nonfrivolous legal claims challenging [their] convictions or conditions of confinement." *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999)(citing *Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996)). From this right flows the requirement that "prison authorities . . . assist inmates in the preparation and filing of meaningful

---

[7]*Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

[8]*Bounds* is generally grounded in the Fourteenth Amendment or in the federal statutory right to present a habeas corpus action in federal court. *Bounds v. Smith*, 420 U.S. 817, 827-828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977). *Bounds* buttressed its holding that the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance by citations both to *Johnson v. Avery*, 393 U.S. 483, 485, 89 S.Ct. 747, 748, 21 L.Ed.2d 718 (1969)(grounded in 28 U.S.C. §§ 2241-2255) and to *Wolff v. McDonnell*, 418 U.S. 539, 577-580, 94 S.Ct. 2963, 2985-88, 41 L.Ed.2d 935 (1974)(grounded in 14th Amendment Due Process rights). It is interesting to note that, in his dissent to the *Bounds* majority opinion, then Justice Rehnquist, joined by Chief Justice Burger, accused the Court of fashioning the fundamental right of access to the courts out of wholecloth without reference to the Constitution from which is was supposed to be derived. *Bounds v. Smith*, 420 U.S. at 840, 97 S.Ct. 1504. "[A] 'fundamental constitutional right of access to the courts,' . . . is found nowhere in the Constitution." *Id.*, 430 U.S. at 839, 97 S.Ct. at 1504 (Rehnquist, J., dissenting).

legal papers by providing . . . adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977), *overruled on other grounds*.  An inmate who claims to have suffered a deprivation of access to library resources must show he has suffered an actual injury stemming from the defendants' unconstitutional conduct.  *Lewis v. Casey*, 518 U.S. 343, 351-54, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998)(without proving actual injury, the prisoner/plaintiff cannot prevail on an access-to-courts claim); *Chriceol v. Phillips*, 169 F.3d 313 (5th Cir. 1999).

The inability of law library personnel to Shepardize the citations plaintiff has provided to the Court is not surprising, as they are not correct.  Each citation refers to at least two different sets of books, one of them non-existent, for each case.  Plaintiff cannot claim the failure to Shepardize these cases was an unconstitutional act or that he was harmed by the failure of one or more defendants to do the impossible.

Moreover, plaintiff identifies his pending litigation as Appellate Cause no. 07-11009; USDC no. 7:07-CV-148.  Review of the dockets at the district and appellate court levels reveals USDC cause no. 7:07-CV-148 was transferred on September 25, 2007 from the district court to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862 (5th Cir. 2002) and *In re Epps*, 127 F.3d 364 (5th Cir. 1997).  Upon receipt by the Fifth Circuit, the case was given the cause no. 07-11009.  On November 15, 2007, plaintiff was denied authorization to file a successive habeas corpus petition for failure to comply with the Fifth Circuit's notice dated September 25, 2007.

No further activity occurred until plaintiff filed a motion for authorization and for appointment of counsel on September 24, 2009 and, on November 23, 2009, a motion for extension. Regarding these documents, in both instances, the docket entry contains the notation that no action will be taken because the matter is closed and will not be reopened until the court receives a motion which complies with *Epps*.

To his complaint and memorandum, plaintiff has attached a copy of *In re Epps*, which shows it was accessed through LexisNexis on October 8, 2008.

From the above, it appears plaintiff's habeas action was closed September 25, 2007 and he has had a copy of *In re Epps* since at least October 8, 2008. Certainly, he has a copy of *Epps* now. Plaintiff has not shown how he is prevented from preparing a motion in compliance with *Epps*; how the failure of prison officials to Shepardize incorrect citations was an unconstitutional act; or how that failure has produced any actual injury with respect to his habeas action.

Plaintiff's claim lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

**CONCLUSION**

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff STEVE LOUIS OUDEMS be DISMISSED WITH PREJUDICE AS FRIVOLOUS.

IT IS SO RECOMMENDED.

ENTERED THIS 30TH DAY OF DECEMBER 2009.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).